UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALEXIS RODRIGUEZ,

                        Petitioner,

v.                                                    9:19-CV-0885
                                                    (GTS/CFH)

CHRISTOPHER MILLER, Superintendent,

                        Respondent.
_____

APPEARANCES:                                                  OF COUNSEL:

ALEXIS RODRIGUEZ, 16-A-0231
  Petitioner, *Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 1258

HON. LETITIA A. JAMES                             PAUL B. LYONS, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Respondent
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 filed *pro se* by Alexis Rodriguez ("Petitioner") against Superintendent Christopher Miller ("Respondent"), are (1) the Report-Recommendation of United States Magistrate Judge Christian F. Hummel recommending that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue, and (2) Petitioner's Objections thereto. (Dkt. Nos. 19, 24.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed,

and a certificate of appealability shall not issue.

I.   RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's conviction and claims, but will simply refer the parties to the relevant portions of Magistrate Judge Hummel's Report-Recommendation, which accurately recite those facts. (Dkt. No. 19, at Parts II and III.)

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following to findings of fact and conclusion of law: (1) the State Courts' finding that Petitioner's refusal to testify against Victor Marin constituted a breach of the cooperation agreement does not warrant habeas relief, because (a) the Court of Appeals' decision was not contrary to, and did not unreasonably apply, clearly established federal Law, and (b) the Court of Appeals' decision was not "based on an unreasonable determination of the facts in light of the evidence presented"; and (2) Petitioner knowingly or voluntarily entered into his plea of guilty, because (a) Petitioner's mistaken impression of the plea's consequences does not render his plea unknowing and/or involuntary, (b) it was he and not the Government who breached the cooperation agreement (even, if the Government had breached the cooperation agreement, the Government's breach of a cooperation agreement cannot retroactively causes a defendant's agreement to have been unknowing or involuntary), and (c) Petitioner's argument that his plea was involuntary conflicts with his sworn statements at the plea allocution. (Dkt. No. 19, at Part IV.)

Generally, in his Objections to the Report-Recommendation, Petitioner argues that he did not knowingly and voluntarily enter into his plea of guilty, because (a) the terms of the cooperation agreement involved the prosecution of murder of Jose Sanchez and assault of

2

Sanchez' brother and did not make any reference to the prosecution of Victor Marin, and (b) he would not have entered a guilty plea if he had known the terms of the cooperation agreement were "open-ended" and included testifying against Marin.  (Dkt. No. 24.)

## II.     APPLICABLE LEGAL STANDARDS

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(C).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to

Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally,

---

alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted

when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error"review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  ANALYSIS

After carefully reviewing the relevant filings in this action, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear error in the portions of the Report-Recommendation that Petitioner has not specifically challenged, and no error in the sole portion of the Report-Recommendation that Petitioner has specifically challenged: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 19.)  As a result, the Court accepts and adopts Magistrate Judge Hummel's Report-Recommendation in its entirety for the reasons stated therein.  (*Id*.)  *See also* Part I of this Decision and Order.  To those reasons, the

---

to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

    [4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Court adds only two points.

First, as a threshold matter, the Court finds that the argument asserted in Plaintiff's Objections simply reiterates an argument asserted in his underlying briefs. (*Compare* Dkt. No. 24 [Pet.'s Obj., *with* Dkt. No. 1, Attach. 1, at 24-32 [attaching pages "23" through "31" of Pet.'s Memo. of Law in Chief] *and* Dkt. No. 16, at 7-8 [attaching pages "4" and "5" of Pet.'s Reply Memo. of Law].) As a result, the Court need review the challenged portion of the Report and Recommendation only for clear error. *See, supra,* Part II of this Decision and Order. The Court finds that the challenged portion easily survives that review. In any event, the Court finds that the challenged portion survives even a de novo review, for the reasons stated in the prior paragraph of this Decision and Order.

Second, although Magistrate Judge Hummel sufficiently relied on this fact (see, e.g., Dkt. No. 19, at 6, 19), the Court emphasizes that the cooperation agreement in question expressly provided that Petitioner would cooperate completely on all matters in which his cooperation was requested, "including but not limited to" the prosecutions listed in the agreement. (Dkt. No. 24, at 8.) The phrase "including but not limited to" can only be reasonably construed as meaning that the prosecutions subsequently listed were mere examples, not the entirety of the prosecutions in question.

For all of these reasons, the Court adopts Magistrate Judge Hummel's Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED**;

and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: February 27, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge